(C.R.D. 72-14)

AMERICAN RUSCH CORP. *v.* UNITED STATES

(Dated September 7, 1972)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*E. Grey Lewis*, Acting Assistant Attorney General (*Andrew P. Vance*, Chief, Customs Section), for the defendant.

WATSON, Judge: On July 25, 1972, plaintiff filed with this court a motion to extend the time that protest 70/65758 may remain in the October 1970 Reserve File until April 30, 1973. Defendant consents to the motion, which was made pursuant to Rule 14.6(e) of the Rules of the United States Customs Court.

Citing and relying on the principle established in *American Rusch Corp.* v. *United States*, 65 Cust. Ct. 410, C.D. 4115 (1970), and also relying on General Headnote 10(ij), TSUS, plaintiff alleges that the

merchandise involved in protest 70/65758 is properly dutiable under the specific provision for "Other" electric filament lamps under TSUS item 686.80. Attorneys for plaintiff, accordingly, prepared and filed in the Office of the Assistant Attorney General, Customs Section, an agreed statement of facts. The motion papers state that said office is presently conducting an investigation to satisfy itself as to the correctness of the allegations set forth by plaintiff in its agreed statement of facts.

Rule 14.6(a), in pertinent part, provides that all actions commenced in the court after October 1, 1970, including all protests received after that date, shall be placed in the reserve file for the month and year in which the action is commenced. The action at bar is currently in this court's October 1970 Reserve File. An action which is not removed from the reserve file within a period of 2 years shall be dismissed for lack of prosecution. (Rule 14.6(c).) Paragraph (e) of Rule 14.6, however, provides:—"For good cause shown, the court may, upon motion, order an extension of the time, beyond the applicable 2-year period, within which an action may remain in the reserve file."

The *American Rusch Corp.* case, *supra*, was decided on November 2, 1970. Plaintiff fails to state in its motion papers how soon thereafter it prepared and filed the agreed statement of facts with the Office of the Assistant Attorney General. The court finds itself without sufficient information to determine whether plaintiff acted with due diligence. It is, therefore, unable to decide whether good cause has been shown, a prerequisite for ordering an extension of time under Rule 14.6(e).

Plaintiff's motion is denied, without prejudice to plaintiff to renew its motion upon satisfying the requirements as indicated in this memorandum and order issued herewith.